**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cleo Daily, et al., <br><br> Plaintiffs, <br> vs. <br><br> City of Phoenix, et al., <br><br> Defendants. | No. CV-14-00825-PHX-SPL <br><br> **ORDER** |

Before the Court are thirteen motions in limine and two *Daubert*[1] motions filed by both Plaintiff and Defendant. Each motion was fully briefed on or before October 11, 2019. On October 25, 2019, the Court held a final pretrial conference and heard oral argument on all the pending motions. The Court's rulings are as follows.

**I.  Background**

This action arises from the fatal shooting of Zachariah Pithan ("Decedent") by Phoenix Police Officer Clinton Brookins ("Defendant"). On April 20, 2013, Decedent's neighbors called the police after observing him acting irrationally. (Doc. 341 at 2-4) Many of the factual details of the encounter are disputed, but the undisputed facts remain that four officers entered Decedent's apartment, and ultimately, Defendant shot Decedent twice in the chest—killing him before medical help could arrive. (Doc. 341 at 2-4)

---

[1] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311 (9th Cir. 1995).

Decedent's mother ("Plaintiff") and father, as representatives of his estate, brought several claims under 42 U.S.C. § 1983 and state law against the officers and the City of Phoenix. (Doc. 81) On August 8, 2017, this Court granted the defendants' motion for summary judgment on all the claims. (Doc. 289) Plaintiff appealed. (Doc. 299) The Ninth Circuit affirmed the Order in part but reversed and remanded the Order in part after determining that the Fourth Amendment excessive force claim remained at issue. (Doc. 314-2 at 2) Plaintiff and Defendant are the only remaining parties in this case.

**II.  Discussion**

    **A.  <u>Plaintiff's Motion in Limine to Exclude Evidence of Decedent's Drug History and Criminal History</u>**

Plaintiff moves to exclude any reference to Decedent's alleged history of drug use, drug possession, and criminal history. (Doc. 321 at 1) Plaintiff asserts that the evidence is not relevant, lacks foundation, and constitutes unfair prejudice under Federal Rules of Evidence ("FRE") 402, 403, 701 and 702. (Doc. 321 at 1-2) Plaintiff argues that Defendant did not know or have reason to know that there were any illegal drugs or drug paraphernalia in Decedent's apartment. (Doc. 321 at 1-2) In addition, Plaintiff argues that the evidence is irrelevant for consideration of damages because an expert toxicologist confirmed to a medical degree of certainty that Decedent was not under the influence of drugs during the altercation—despite Decedent's toxicology report showing trace amounts of cocaine in his system. (Doc. 321 at 2-3)

In response, Defendant concedes that the evidence is irrelevant for establishing liability under the excessive force claim. (Doc. 353 at 1-2) However, Defendant asserts that the evidence is relevant for establishing the scope of damages. (Doc. 353 at 2)

The Court finds that any prejudice resulting from the introduction of Decedent's drug use on the date of his death does not substantially outweigh its probative value for Defendant's arguments regarding the nature and extent of Plaintiff's damages. Plaintiff asserts a claim for damages due to Decedent's "pre-death pain and suffering." (Doc. 81 at 10) Evidence of drug use is directly relevant to the extent of Decedent's pain and suffering.

Upon proper foundation, Plaintiff may question their toxicology expert and introduce the expert report regarding Decedent's drug exposure at the time of his death to rebut any claims made by Defendant, but the report itself does not provide a basis to exclude the evidence. With regard to the criminal history, Defendant fails to show that Decedent's criminal history is relevant and admissible at trial. Accordingly, the motion will be granted in part and denied in part.

### B. Plaintiff's Motion in Limine to Exclude Witness Statements that Were Not Communicated to Defendant

Plaintiff moves to preclude Defendant from using statements in support of his defense because Defendant had no knowledge of the information contained in the statements at the time he shot Decedent. (Doc. 322 at 1) Plaintiff asserts that Defendant is attempting to introduce statements by Decedent's neighbors that were made before the incident, 9-1-1 dispatch calls, and information known by the other officers at the time of the incident. (Doc. 322 at 2-3) Yet Plaintiff argues this information is inadmissible because it was never communicated to Defendant before he shot Decedent. Plaintiff asserts that under the excessive force test outlined in *Graham v. Connor*, 490 U.S. 386 (1989), Defendant is limited to introducing information and knowledge that he gained leading up to the time he shot Decedent. (Doc. 322 at 3)

In response, Defendant argues that the 9-1-1 calls are relevant and admissible because they confirm how the Decedent was behaving prior to the shooting and they tend to corroborate Defendant's version of the altercation. (Doc. 354 at 1-2) Citing *Boyd v. City and County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009), Defendant argues that evidence supporting his version of the disputed events is relevant and admissible at trial. (Doc. 354 at 2)

At the final pretrial conference, Plaintiff argued that the Ninth Circuit implicitly overruled *Boyd*, and therefore the Court cannot allow Defendant to admit any evidence that he did not know at the time of the shooting. In response, Defendant argued that no Ninth Circuit case has directly overturned *Boyd*, and therefore, the case is still good law.

In *Boyd*, the Ninth Circuit stated that FRE 401 allows the admittance of evidence that has a tendency to make a fact of consequence more or less probable, and the court explained that the rule includes "evidence that may support one version of events over another" when an officer's perception just prior to the use of force is at issue. *Boyd*, 576 at 944. Since *Boyd*, courts have disputed the scope of its ruling. *See Jackson v. Cty. Of San Bernardino*, No. EDCV 13-01650-JGB (DTBx), 2016 WL 7495816, at *3 (C.D. Cal. April 21, 2016) (recognizing that "Ninth Circuit case law appears to be inconsistent on whether information not known to an officer is admissible to support an officer's version of events" before denying the admittance of corroborative evidence); *Korff v. City of Phoenix*, No. CV-13-02317-PHX-ESW, 2015 WL 1402996, at *2-3 (D. Ariz. March 25, 2015) (finding that "*Boyd* remains the law in the Ninth Circuit" and allowing the discovery of evidence that tended to corroborate the officers' version of events); *Ruvalcaba v. City of Los Angeles*, 2014 WL 4426303, at *1-2 (C.D. Cal. Sept. 8, 2014) (finding that "the Ninth Circuit has clarified its position on unknown, preshooting knowledge, holding that it is inadmissible to establish the reasonableness of an officer's conduct"); *Turner v. Cty. of Kern*, 2014 WL 560834, at *2-3 (E.D. Cal. Feb.13, 2014) (relying on *Boyd* to admit evidence that the decedent was on drugs at the time of the shooting to corroborate the officers' account of events). But the Ninth Circuit has never directly addressed these differences in interpretation. Consequently, the Court finds that *Boyd* remains precedential law in the Ninth Circuit.

Here, Defendant asserts that at least one 9-1-1 call shows that Decedent was carrying a wooden object and threatening to hit the caller with it. (Doc. 354 at 2) Because Defendant asserts that he shot Decedent after seeing a wooden object in his hand that he believed Decedent was attempting to use as a weapon, the 9-1-1 call tends to corroborate Defendant's version of events. Defendant may introduce the one 9-1-1 call. However, Defendant has not made a sufficient showing that any of the other evidence is relevant and admissible in support of his defense. Accordingly, the motion will be granted in part and denied in part.

**C.  Defendant's Motion in Limine to Exclude Defendant's Prior Employment and Psychological Testing**

Defendant moves to exclude the introduction of his employment history, arguing that the evidence is irrelevant and prejudicial under FRE 401 and 403. (Doc. 329 at 1) In addition, Defendant moves to exclude the introduction of his prior psychological testing, arguing that the evidence is inadmissible character evidence under FRE 404. (Doc. 329 at 2)

In response, Plaintiff argues that under FRE 611(b), Defendant is subject to cross-examination on matters affecting his credibility and qualifications. (Doc. 343 at 1) Plaintiff asserts that Defendant's employment history is relevant for purposes of impeachment because Defendant "claims that he [is] a highly trained officer with sufficient competency to handle situations properly without the unnecessary need for deadly force." (Doc. 343 at 2) Additionally, Plaintiff argues that the evidence is admissible under FRE 404 to prove motive, opportunity, intent, preparation, plan, knowledge, and absence of mistake/accident. (Doc. 343 at 2) Additionally, Plaintiff argues that Defendant's past psychological testing is relevant to: 1) impeach Defendant on his qualifications and credentials as an officer, and 2) establish punitive damages by showing Defendant's "relative incompetence and instability resulted in the severe and excessive use of deadly force." (Doc. 343 at 3)

Here, Defendant's employment history indicates that his past employers described him as an unreliable and untruthful employee. (Doc. 343-1) The Court finds that the risk of prejudice is not greatly outweighed by the evidence's relevance as impeachment evidence in this case. If Defendant testifies that he has the competency of a reasonable police officer, then the employment history may be used to impeach him under FRE 611(b).

Regarding the psychological testing, the Court finds that the testing is not relevant impeachment evidence, but the psychological testing is relevant for punitive damages. *See Smith v. Wade*, 461 U.S. 30, 56 (1983) ("[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct . . . involves reckless or callous indifference to the federally protected rights of others."). Accordingly, the motion

will be granted in part and denied in part.

### D. A Defendant's Motion in Limine to Exclude Defendant's Army Service Records

Defendant moves to exclude the admission of his military service records at trial. (Doc. 330 at 1) Defendant argues that the proposed records are irrelevant under FRE 401 and the introduction of the evidence would be prejudicial under FRE 403. (Doc. 330 at 2) Additionally, Defendant argues that the evidence is inadmissible under FRE 404 as improper character evidence that will be used to demonstrate an aggressive personality or mental state. (Doc. 330 at 2)

In response, Plaintiff argues that Defendant's service in the military is relevant employment history and has bearing on his qualifications to become a police officer—including the handling of a firearm. (Doc. 334 at 1-2) Plaintiff asserts that Defendant was honorably discharged for "unsatisfactory performance" and his discharge is therefore inconsistent with the conclusion that Defendant had the necessary background of a competent officer. (Doc. 344 at 2)

At the final pretrial conference, Plaintiff asserted that Defendant's honorable discharge means he is ineligible to reenlist in the military, and that fact is relevant work history to show Defendant's incompetence. Defendant argued that he passed all of the necessary qualifications to become a City of Phoenix police officer, and whether he is qualified to reenlist in the military has no bearing on whether he is qualified to serve as a police officer.

Here, Defendant's military service is part of his employment history. However, the Court finds that the evidence is irrelevant to impeach Defendant on cross-examination pursuant to FRE 608(b) and 611(b) because the fact has no bearing on his credibility. Accordingly, the motion will be granted.

### E. Defendant's Motion in Limine to Exclude Evidence of The Alleged Incident with Tia Hernandez

Defendant moves to exclude any reference to a 2012 altercation with Tia Hernandez.

(Doc. 331 at 1-2) Hernandez asserts in an affidavit that Defendant refused to let her use the restroom while in custody and she was forced to urinate on the floor. Hernandez further asserts that Defendant used her clothing and body to clean up the urine. (Doc. 331 at 2) Defendant argues that Hernandez's affidavit is hearsay and inadmissible at trial. (Doc. 331 at 2) Defendant further argues that the incident is irrelevant under FRE 401, prejudicial under FRE 403, and improper character evidence under FRE 404. (Doc. 331 at 2)

In response, Plaintiff argues that the incident is relevant and admissible under FRE 404(b) to prove punitive damages. (Doc. 345 at 1) Plaintiff further asserts that this other act of excessive force is admissible to prove evil motive, reckless or callous indifference to the rights of others. (Doc. 345 at 2-3)

In determining whether evidence of a prior wrongful act is admissible under FRE 404(b), a district court must use the four-factor test outlined in *United States v. Miller*, 874 F.2d 1255, 1268 (9th Cir. 1989). The factors include: (1) whether sufficient evidence exists to support a finding by the jury that the defendant committed the similar act; (2) the prior act must not be too remote in time from the commission of the incident at issue; (3) the prior act must be similar to the offense charged; and (4) the prior act must be introduced to prove an element of the charged offense that is a material issue in the case. *Id.*

Here, each factor is met. Plaintiff lists Tia Hernandez as a witness to be called at trial; the prior act is alleged to have occurred less than a year before Decedent's death; the prior act is an alleged instance of excessive use of force by Defendant; and Plaintiff intends to introduce the evidence to prove evil motive and/or reckless or callous indifference to the rights of others as a required element of her punitive damages claim. Accordingly, the motion will be denied.

**F.     Defendant's Motion in Limine to Exclude the Alleged Incident with Charles Hill**

Defendant moves to exclude any reference to a 2013 alleged altercation with his neighbor Charles Hill. (Doc. 332 at 2) Defendant argues that his interaction with Hill while off-duty has no relevance to any issue in this case. (Doc. 332 at 1-2) In addition, Defendant

argues that Plaintiff improperly seeks to admit hearsay evidence of a complaint filed by Hill against Defendant with the City of Phoenix. (Doc. 332 at 2-3)

In response, Plaintiff argues that the incident is relevant character evidence that can be used to impeach Defendant. (Doc. 346 at 1) Plaintiff asserts that Defendant confronted Hill regarding a private matter while wearing his uniform and intentionally used his status as a police officer to intimidate Hill and Hill's son. (Doc. 346 at 1-2) Additionally, Plaintiff argues that the prior act is admissible to support her claim for punitive damages. (Doc. 346 at 2)

Using the four-factor *Miller* test, the Court finds that the factors do not favor admission of the evidence. *Miller*, 874 F.2d at 1268. Plaintiff lists Hill as a witness unlikely to be called at trial (Doc. 341 at 19); the prior act is not an offense similar to the excessive force claim; and Plaintiff seeks to introduce the incident as impeachment evidence, but the incident is irrelevant to show Defendant's reputation for truthfulness or untruthfulness. Accordingly, the motion will be granted.

### G. **Defendant's Motion in Limine to Exclude Testimony by Plaintiff**

Defendant moves to exclude the testimony of Plaintiff (Cleo Daily) as irrelevant under FRE 401 and prejudicial under FRE 403. (Doc. 333 at 2) Defendant argues that this Court has already dismissed Plaintiff's claim for loss of familial association, and therefore, Plaintiff's testimony regarding her son's quality of life is irrelevant. (Doc. 333 at 2) Defendant asserts that Plaintiff's testimony would only serve to "introduce highly emotional testimony in an attempt to tempt the jury to decide this case on emotions rather than facts and evidence presented." (Doc. 333 at 2)

In response, Plaintiff argues that her testimony is relevant to her claim for hedonic damages. (Doc. 347 at 2-3) Plaintiff asserts that her testimony will not be used to establish liability but only for the purposes of establishing damages. (Doc. 347 at 1) Plaintiff further asserted that her deposition served as sufficient notice of her as a witness, and the scope of the deposition included Plaintiff's relationship with Decedent while he was alive. (Doc. 347 at 2)

At the final pretrial conference, Defendant argued that hedonic damages are not allowed in this case, and in any event, Plaintiff was not timely disclosed as a witness and should be precluded from testifying under Federal Rule of Civil Procedure 37. In response, Plaintiff argued that hedonic damages are available, and her deposition served as a sufficient disclosure.

The Court finds that hedonic damages are recoverable in the District of Arizona for § 1983 claims. *See Gotbaum v. City of Phoenix*, 617 F.Supp.2d 878, 882-86 (D. Ariz. 2008); *Sanchez v. Jiles*, No. CV 10–09384 MMM (OPx), 2013 WL 12242051, at *2 (C.D. Cal. Jan. 2, 2013). However, "[t]estimony describing pain, suffering, or loss of enjoyment of life that the plaintiffs themselves experienced following the decedent's death is not relevant." *Id.* at *3. The Court finds that Plaintiff's testimony is relevant to establish Decedent's quality of life. However, Plaintiff may not opine on her personal experience following Decedent's death. The Court further finds that Plaintiff's deposition served as sufficient notice for her to testify as a witness. *See Chinacast Educ. Corp. v. Chen Zhou Guo*, No.: 2:15-cv-05475-AB-E, 2018 WL 7448913, at *6 (C.D. Cal. Dec. 28, 2018) (finding that deposition testimony was sufficient evidence to put the other party on notice of a witness's likeliness to be called at trial). Plaintiff was deposed in August 2016. (Doc. 148) Accordingly, the motion will be denied.

### H. Defendant's Motion in Limine to Exclude Evidence of the Decedent's Mental Health Issues

Defendant moves to exclude any admission of evidence showing that Decedent was emotionally disturbed or mentally ill as irrelevant and unfairly prejudicial under FRE 401, 402 and 403. (Doc. 334 at 1-2) Defendant argues that there is no evidence in the case to support a finding that any of the responding officers knew that Decedent was emotionally disturbed or mentally ill. (Doc. 334 at 2)

In response, Plaintiff argues that a factual question exists as to whether Defendant could perceive that Decedent was mentally ill on the day of the incident, and this fact has goes to the objective reasonableness of Defendant's actions. (Doc. 348 at 1-2) Additionally,

Plaintiff argues that the evidence is relevant for damages to establish Decedent's loss of enjoyment of life. (Doc. 348 at 2)

The Court finds that Plaintiff has not established any facts to support her contention that Defendant should have perceived Decedent's mental illness during the altercation. Therefore, introduction of the evidence to prove liability at trial would be irrelevant and unduly prejudicial to Defendant. To the extent that Decedent's mental illness is probative of "whether and how much [Decedent] enjoyed his life prior to his death," the evidence is admissible to prove damages—subject to any objection by Defendant at that time. *See Sanchez*, 2013 WL 12242051 at *3. Accordingly, the motion will be granted in part and denied in part.

### I. Defendant's Motion in Limine to Exclude Evidence of the Decedent's 2012 Motor Vehicle Accident

Defendant moves to exclude evidence of Decedent's 2012 motor vehicle accident and resulting medical and billing records. (Doc. 335) Defendant argues the accident is irrelevant under FRE 401 and the records are impermissible hearsay under FRE 801. (Doc. 335) Defendant further argues that the evidence is prejudicial under FRE 403 and will only serve to confuse the jury and waste time. (Doc. 335)

In response, Plaintiff argues that the evidence is admissible impeachment evidence. (Doc. 349 at 1-2) Specifically, Plaintiff asserts that Decedent had limited range of motion in his right arm due to the 2012 accident, and this fact tends to disprove Defendant's account of the altercation because Defendant contends that Decedent moved his right arm in an "extremely active way to attempt to strike [the] officers." (Doc. 349 at 1) In addition, Plaintiff argues that the evidence is relevant to prove damages because it shows Decedent's quality of life. (Doc. 349 at 2)

The Court finds that Decedent's medical records fall within the hearsay exception under FRE 803(4), and the evidence is relevant impeachment evidence because it directly relates to the accuracy of Defendant's version of the altercation. However, to the extent that Decedent's medical history and billing are probative of whether and how much Decedent

enjoyed his life prior to his death, the evidence is inadmissible to prove damages. Accordingly, the motion will be granted in part and denied in part.

### J. Defendant's Motion in Limine to Exclude Evidence of Officers Hilger and Rogers' Contact with the Decedent

Defendant moves to exclude all evidence relating to contact made between Decedent and Officers Martin Hilger and Richard Rogers. (Doc. 336 at 1) Defendant argues that the evidence is irrelevant under FRE 401 because Defendant did not know that the officers previously communicated with Decedent on the date of the altercation. In addition, Defendant argues that the evidence is prejudicial under FRE 403 because it will only serve to confuse the issues, mislead the jury, and cause undue delay. (Doc. 336 at 2)

In response, Plaintiff argues that Defendant has already sought to introduce evidence of Decedent's prior conduct before the altercation, and Plaintiff intends to use the encounter with Officers Hilger and Rogers to show that Decedent was not acting irate—as Defendant claims—on the date of the incident. (Doc. 350 at 2) Plaintiff asserts that she does not intend to introduce the evidence to support her claim for liability unless Defendant first addresses the encounter between Decedent and the officers. (Doc. 350 at 2) Plaintiff further argues that the evidence is relevant to establish that Decedent's life was worth more than just a nominal value. (Doc. 350 at 3)

The Court finds that any evidence regarding Officer Hinger and Rogers' contact with Decedent on April 20, 2013, is irrelevant to this case. In accordance with the ruling made in Section II.B, Defendant may not reference the encounter, and therefore, Plaintiff may not reference the encounter. Accordingly, the motion is granted.

### K. Defendant's Motion in Limine to Exclude Evidence of Certain Estate Damages

Defendant moves to limit the presentation of evidence regarding Decedent's pre-death pain and suffering and exclude any evidence concerning Decedent's loss of enjoyment of life, or hedonic damages. (Doc. 337 at 1) First, Defendant argues that "any pre-death pain and suffering is limited to the minimal time frame between which Decedent was shot and

when he died." (Doc. 337 at 2) Second, Defendant argues that hedonic damages for loss of enjoyment of life are barred by Arizona law. (Doc. 337 at 3) Finally, Defendant argues that Plaintiff may not introduce evidence of compensatory damages related to funeral or medical expenses because Plaintiff has not disclosed any evidence regarding these damages in violation of Federal Rule of Civil Procedure 37.

In response, Plaintiff argues that the jury should evaluate "the nature, magnitude, and circumstances of [Decedent's] pain and suffering in arriving at an award," and therefore, the Court should not give a limiting instruction for consideration of Decedent's pre-death pain and suffering. (Doc. 351 at 2) In addition, Plaintiff further argues that in Arizona, hedonic damages are compensable in § 1983 cases. (Doc. 351 at 4) Plaintiff does not respond to Defendant's argument regarding funeral and medical expenses.

At the final pretrial conference, Defendant further argued that Plaintiff never disclosed any type of hedonic damages and Defendant was therefore prejudiced from preparing to rebut the damages (i.e. obtaining an expert witness). Plaintiff argued that this Court made a ruling in a prior case allowing hedonic damages and should do the same in this case.

The Court finds that Defendant does not request in his motion in limine any kind of limiting instruction stating that the consideration of pre-death pain and suffering should be limited to the injuries caused by the two gunshots, and the Court finds no reason to include such a limiting instruction at trial. Plaintiff may introduce evidence of the surrounding circumstances during the altercation with Defendant at the time of Decedent's death, and the jury is not limited in considering the totality of the circumstances when making a damage determination. Second, as stated before, courts in this district have held that hedonic damages are available notwithstanding Arizona's survival statute. *See Gotbaum*, 617 F.Supp.2d at 882-86; *Sanchez*, 2013 WL 12242051, at *2; *see also Erickson v. Camarillo*, No. CV-14-01942-PHX-JAT, 2017 WL 2335659 (D. Ariz. May 30, 2017). The Court finds that Plaintiff may introduce evidence of hedonic damages. Finally, because Plaintiff does not rebut Defendant's argument regarding medical and funeral expenses, the Court finds

that Plaintiff may not introduce evidence regarding these expenses to establish damages at trial. Accordingly, the motion will be granted in part and denied in part.

### L. Defendant's Motion in Limine to Exclude Evidence of Defendant and the Other Officers' Post-Shooting Conduct

Defendant moves to exclude evidence relating to the post-shooting conduct of himself and the other three officers present during the shooting. (Doc. 338 at 1) Defendant argues that the officers' decision, based on police department policy, not to discuss the shooting with each other is irrelevant under FRE 401. (Doc. 338 at 2) Additionally, Defendant argues that the evidence is unduly prejudicial under FRE 403 because the officers' conduct post-shooting has no bearing on the factual question of whether Defendant was justified in the moment for shooting Decedent. (Doc. 338 at 2) Defendant asserts that the evidence would only serve to confuse the issue, mislead the jury, cause undue delay and waste time at trial. (Doc. 338 at 3)

In response, Plaintiff asserts that the conduct directly following the incident is trustworthy and relevant to what may have occurred moments before, and therefore, the evidence is admissible in this case. (Doc. 352 at 1) Plaintiff asserts that one officer yelled in response to Defendant shooting Decedent, and the jury should be permitted to weigh the credibility of such evidence. (Doc. 352 at 3) In addition, Plaintiff argues that a jury should be able to determine if it was believable that none of the other officers spoke with Defendant after the incident. Plaintiff does not cite to any legal authority to support her argument.

Here, the Court finds that Plaintiff's assertion that an officer yelled in response to the shooting is admissible under FRE 803 as an excited utterance. However, the Court finds that Plaintiff has not shown a legal basis for introducing evidence that Defendant never spoke to the other officers after the shooting. Accordingly, the motion will be granted in part and denied in part.

### M. Defendant's Motion in Limine to Exclude Evidence of Defendant's Social Media Posts

Defendant moves to exclude evidence related to his past social media posts. (Doc.

339 at 1) Defendant argues that the posts are irrelevant under FRE 401 and are unduly prejudicial under FRE 403. (Doc. 339 at 2-3) Additionally, Defendant argues that the evidence is improper character evidence prohibited by FRE 404. (Doc. 339 at 3)

In response, Plaintiff argues that the evidence is admissible under FRE 404(b). (Doc. 342 at 3) Specifically, Plaintiff submits several posts that relate to Defendant's on-the-job conduct and asserts that the posts contain "self-proclamations of future killing/deadly force" and are therefore directly relevant to Defendant's credibility. (Docs. 342 at 3-4; 339-2) Additionally, Plaintiff argues that the social media posts are relevant for punitive damages to show that Defendant's conduct was malicious, oppressive, and in reckless disregard of Decedent's rights. (Doc. 342 at 4)

The Court finds that the social media posts are irrelevant for establishing liability. *See Graham*, 490 U.S. at 396. However, the Court finds that the posts are admissible to prove punitive damages under FRE 404(b). The factors in *Miller* favor admission of the evidence because: 1) the posts are non-hearsay statements admissible under FRE 801(d) and Defendant does not dispute the legitimacy of the posts; 2) some of the posts show that Defendant contemplated using excessive force at work before shooting Decedent; and 3) malicious intent and/or reckless disregard for the rights of others is a required element to prove punitive damages. *See Miller*, 874 F.2d at 1268. Accordingly, the motion will be denied.

### N. Defendant's Daubert Motion to Exclude the Opinions of David Balash

Defendant moves to preclude the expert testimony of forensic examiner David Balash, arguing that the dismissal of Plaintiff's *Monell*[2] claim renders Balash's expert testimony irrelevant under FRE 401. (Doc. 327 at 1) Additionally, Defendant argues that Balash is not a medical examiner by experience or by trade, and therefore, pursuant to FRE 702, he cannot give expert opinion on whether Decedent's wound trajectories are consistent with, or contradictory to, Defendant's version of the altercation. (Doc. 327 at 4)

---

[2] *Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658 (1978).

In response, Plaintiff argues that Balash is a qualified expert witness under FRE 702 because he has over twenty years of experience investigating shootings at crime scenes as a forensic scientist and crime scene analyst. (Doc. 355 at 2) Plaintiff asserts that the jury must decide how much weight to give to Balash's experience when deciding whether to accept his opinion. (Doc. 355 at 3)

The central issue of the case is whether Defendant's use of deadly force was reasonable under the circumstances. *See Graham*, 490 U.S. at 396. Here, the circumstances at issue include Defendant's perceived threat of Decedent. The Court finds that a determination of how Decedent was shot may assist the trier of fact in analyzing the totality of the circumstances in the case. The Court further finds that Plaintiff has established that Balash's training and experience qualifies him as an expert witness. Therefore, Balash may opine on whether the bullet trajectories in Decedent's body support or negate Defendant's version of the altercation. Accordingly, the motion will be denied.

**O.     Defendant's Daubert Motion to Exclude the Opinions of Roger Clark**

Defendant moves to preclude the expert testimony of Roger Clark, arguing that the testimony is irrelevant and inadmissible under FRE 401 and 702. (Doc. 328 at 1) Defendant asserts that the majority of Clark's expert report focuses on whether the City of Phoenix had liability under Plaintiff's *Monell* claim—rendering Clark's opinion irrelevant because that claim is no longer part of the case. (Doc. 328 at 6) Defendant also argues that Clark's opinion is not based on undisputed facts because he only relied on the facts as stated in the Fifth Amended Complaint. (Doc. 328 at 4)

In response, Plaintiff argues that Clark's report offers relevant opinions on the excessive force claim, and therefore, his testimony is admissible. (Doc. 356 at 2-3) Additionally, Plaintiff argues that Clark's expert testimony is based upon true facts that are supported by the evidence in this case. (Doc. 356 at 2)

The Court finds that Clark's report focuses mainly on an evaluation of the City of Phoenix's police policies and practices. (Doc. 328 at 17-38) In his report, Clark only offers a conclusory statement that Defendant had "a systemic Animus and intent towards

[Decedent] and similarly situated persons" and that Defendant's actions constituted "a reckless disregard for the rights and well-being of [Decedent]." (Doc. 328 at 40-41) The Court finds that such conclusory statements will not help the trier of fact in understanding the evidence in this case. The Court further finds that Plaintiff has not shown that Clark's education, experience, or training would help assist the jury in understanding evidence regarding the excessive force claim. Accordingly, the motion will be granted.

### P. Additional Outstanding Issues

At the final pretrial conference, Defendant requested permission to reference in his opening statement the Court's prior summary judgment ruling. The Court requested briefing on the issue, and the parties shall provide written arguments in accordance with this Order. In addition, the Court requested that the parties file an amended final pretrial order one month after the issuance of this Order. Accordingly,

**IT IS ORDERED** that the Plaintiff's motion in limine (Doc. 321) is **granted in part and denied in part**; and

**IT IS FURTHER ORDERED** that the Plaintiff's motion in limine (Doc. 322) is **granted in part and denied in part**; and

**IT IS FURTHER ORDERED** that the Defendant's motion in limine (Doc. 329) is **granted in part and denied in part**; and

**IT IS FURTHER ORDERED** that the Defendant's motion in limine (Doc. 330) is **granted**; and

**IT IS FURTHER ORDERED** that the Defendant's motion in limine (Doc. 331) is **denied**; and

**IT IS FURTHER ORDERED** that the Defendant's motions in limine (Docs. 332) are **granted**; and

**IT IS FURTHER ORDERED** that the Defendant's motion in limine (Doc. 333) is **denied**; and

**IT IS FURTHER ORDERED** that the Defendant's motion in limine (Doc. 334) is **granted in part and denied in part**; and

**IT IS FURTHER ORDERED** that the Defendant's motion in limine (Doc. 335) is **granted in part and denied in part**; and

**IT IS FURTHER ORDERED** that the Defendant's motion in limine (Doc. 336) is **granted**; and

**IT IS FURTHER ORDERED** that the Defendant's motion in limine (Doc. 337) is **granted in part and denied in part**; and

**IT IS FURTHER ORDERED** that the Defendant's motion in limine (Doc. 338) is **granted in part and denied in part**; and

**IT IS FURTHER ORDERED** that the Defendant's motion in limine (Doc. 339) is **denied**; and

**IT IS FURTHER ORDERED** that the Defendant's *Daubert* motion (Doc. 327) is **denied**; and

**IT IS FURTHER ORDERED** that the Defendant's *Daubert* motion (Doc. 328) is **granted**; and

**IT IS FURTHER ORDERED** that Plaintiff and Defendant shall submit briefing regarding the issue of opening statements. Defendant shall have until **December 5, 2019** to file no more than five (5) pages setting forth the points and authorities relied upon in support of their position. Plaintiff will then have fourteen (14) days to submit a response of no more than five (5) pages in accordance with Local Rule 7.2(c); and

**IT IS FURTHER ORDERED** that the parties shall file an amended final pretrial order on or before **December 5, 2019**.

Dated this 5th day of November, 2019.

Honorable Steven P. Logan
United States District Judge